FILED '09 NOV 03 13:37 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES E. STUBBS                    Civ. No. 07-1691-HO

            Plaintiff,              ORDER

    v.

MICHAEL J. ASTRUE,

Commissioner of Social Security,
            Defendant.

    Plaintiff seeks review of the administrative law judge's
July 13, 2007 decision finding him not disabled and denying his
application for Supplemental Security Income disability (SSI)
benefits.  The parties agree to the essential details of
plaintiff's protracted procedural history which will therefore
not be repeated here.

## Discussion

    Plaintiff's amended alleged onset of disability is July 1,
1999.  (Tr.95).  He alleges disability based on a combination of
impairments including Adult Attention Deficit Disorder (AADD),
high-functioning autism, depression, anxiety and degenerative

lumbar spine disc disease. (#30, pp.2-3). Plaintiff contends
that despite three administrative hearings before two
administrative law judges, he has yet to receive a legally
sufficient decision. Plaintiff asserts in summary, that the last
administrative law judge (ALJ) erred in not combining his
impairments to find that plaintiff met a Listing or equaled a
Listing. (#30, pp.28-31; #32, pp.2-4). Plaintiff also argues
that without errors in Step 5 (specifically errors in the
hypothetical posed to the vocational expert), the ALJ should or
would have found him disabled. (#30, pp. 31-33; #32, pp.4-5).
Defendant counters that the ALJ's decision should be affirmed
because it is supported by substantial evidence and free of legal
error. (#31, p.6).

Plaintiff's extensive record is replete with contradictions.
ALJ Haack's analytic difficulties with these discrepancies began
early in her attempt to determine whether or not plaintiff had
engaged in substantial gainful activity (SGA) since his alleged
disability onset date. (Tr.762-63). Although a seemingly simple
determination given legal reporting requirements for earnings,
the ALJ was unable to make a SGA finding because of numerous
conflicting statements made by both plaintiff and his brother
(plaintiff's employer). (Tr. 763). The ALJ concluded that the
record reflected plaintiff "has a capacity to work at some
level." (Id.). Given the record of plaintiff's income for 1998
through 2000(Tr. 308-10, 762), the discrepancies in the record

regarding plaintiff possibly earning income while incarcerated and his inability (or unwillingness) to clarify his employment history (Tr. 1243-1255), I find there is sufficient evidence in the record to support the ALJ's well-explained conclusion regarding plaintiff's capacity to work at some level.  (Tr. 763).

After examining plaintiff's voluminous medical record dating back to March of 1999, the ALJ found that plaintiff had severe impairments of back pain, a major depressive disorder and borderline autism.  (Tr. 764).  The ALJ while noting plaintiff's migraine and colitis diagnoses, gave clear and convincing reasons supported by substantial evidence in the record for finding these conditions non-severe.  (Tr. 764-65).

Plaintiff argues that the ALJ failed to properly consider his severe impairments in combination with his non-severe impairments as required by 20 C.F.R. §§ 404.1545(e) and 416.945(e).  ((#30, pp.28-31).  However, any error committed by the ALJ in this step is harmless if, as here, the ALJ subsequently properly considered the limitations in combination in the other steps of the sequential process.  *Lewis v. Astrue,* 498 F.3d 909, 911 ((9th Cir 2007).

The ALJ must calculate the plaintiff's residual functional capacity (RFC) based on all relevant evidence in the record including medical records, and the effects of symptoms (including pain), that are reasonably attributed to a medically determined impairment.  *Robbins v. Soc. Sec. Admin.,* 466F.3d 880, 883 (9th

Cir 2006); 20 C.F.R. § 404.1545(a),(e).   The ALJ need not however incorporate limitations identified through claimant testimony or medical opinions that the ALJ permissibly discounted.   *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1197 (9ᵗʰ Cir 2004).

In order to find plaintiff's account of his impairments unreliable the ALJ must give specific, clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of his symptoms.   *Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1160 (9ᵗʰ Cir. 2008).*   The ALJ must specifically state the facts in the record that support her credibility determination.   *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9ᵗʰ Cir. 2001).   In assessing plaintiff's level of pain and resulting limitation(s), the ALJ found that while plaintiff's impairments could reasonably be expected to produce the alleged symptoms, his statements concerning his symptom's intensity, persistence and limiting effects were not entirely credible.   (Tr. 760).

Throughout the step 5 portion of her decision[1] the ALJ in deciding plaintiff was not entirely credible carefully noted numerous instances throughout the years in question where plaintiff's activities were directly at odds with his stated limitations.   Some of the conflicting instances she noted in this credibility assessment included: plaintiff's vague and uncertain

---

[1]    In her step 5 analysis the ALJ reviewed plaintiff's medical history and records from 1999 through 2007 and summarized this review in almost 10 pages of detailed explanation.   (Tr. 768-776).

work history (Tr. 763); his prison medical records that recorded his ability to walk and move about as inconsistent with his reported symptoms (Tr. 769); plaintiff's physical therapy records stating that plaintiff was noncompliant with instruction to use proper posture when carrying heavy objects such as an air conditioning unit (Tr.769, 554); medical records showing plaintiff reporting increased back pain after carrying his suitcases while traveling to Mexico and Florida (Tr. 771) and after helping his ex-wife paint and move (Tr. 771, 1084); plaintiff's possible overuse/abuse of his pain medication evidenced by his admitted 'experimentation' with his pain medication and his admitted failure to keep track of how often he took his pain medications which lead to his parole officer voicing concerns that plaintiff was overusing his methadone and Oxcycodone (Tr. 771, 980, 1155); medical records noting plaintiff's reported back stiffness after he was out sailing (Tr. 771, 1153) or working "hard" around the house (Tr. 771, 1139).

An ALJ may properly discount medical opinions based on discrepancies between the opinion and the record. *Bayliss v. Barnhart,* 427 F3d 1211, 1216 (9th Cir. 2005). Many of the above-listed contradictory instances occurred and were in plaintiff's medical record during the years that plaintiff was under Dr. Holmes' care and contrast sharply with Dr Holmes' February 2007 RFC assessment of plaintiff.  (Tr. 588-90, 771, 775, 1130-35). The ALJ disagreed with Dr. Holmes' specific 1.04 listing of

plaintiff's back condition stating that she found plaintiff did
not meet Section 1.04 because there was "no evidence of
sufficient nerve root or spinal canal compromise." Tr. 765).

The ALJ then referred to her extensive detailed discussion
in paragraph 5 for the clear and convincing reasons supporting
that conclusion. (*Id.*). There she set out a detailed and
thorough summary of facts and conflicting evidence in the record
to support her conclusion that Dr. Holmes treatment records did
not reflect a level of impairment compatible with his ultimate
assessment. (Tr. 775). Similarly, the ALJ gave specific and
legitimate reasons for finding Mr. Shipp's assessment
inconsistent with its supporting evidence and/or the evidence
from other providers (Tr. 770-72), as well as for finding that
Drs Brischetto and Ogisu's opinions about plaintiff's physical
and mental impairments were well supported by the record. (Tr.
774-75).

An ALJ's findings will be upheld if supported by inferences
reasonably drawn from the record even when the evidence is
susceptible to more than one rational interpretation. *Batson v.
Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir 2004). In
accord with the full record, Dr Brischetto's October 2006
psychodiagnostic assessment[2] (Tr. 1095-1105) and Dr. Ogisu's

_____

[2]    Dr Brischetto noted that plaintiff reported his pain
medication did not make him sleepy. (Tr, 1099). She also noted
that his test results indicated that he may be feigning symptoms
or at least exaggerating their extent. (Tr.1103). Additionally
Dr. Bruschetto noted that plaintiff's level of functioning in his

orthopedic assessment[3] that same month(Tr.1091-94), the ALJ calculated plaintiff's RFC including plaintiff's accurately recorded physical limitations in combination with his mental limitations. (Tr. 766). In calculating plaintiff's RFC, the ALJ found that plaintiff had mild restrictions in his activities of daily living and moderate difficulties with social functioning. (Tr. 765). She further found that with regard to persistence, concentration or pace, plaintiff had mild restrictions. (Tr. 766). These findings were then incorporated into work-related functions in her RFC calculation. *Id.*

The ALJ then posed a hypothetical to the vocational expert (VE) reflecting plaintiff's age, education, work experience and the RFC she had calculated. (Tr. 1276- 1284). She also afforded plaintiff's attorney the opportunity to enlarge the hypothetical posed to the VE. *Id.* Subsequently based on the record before her and the VE's testimony, the ALJ found plaintiff was capable of making a successful adjustment to other work and was therefore "not disabled". (Tr. 776-77)

For the reasons detailed above I find the ALJ's decision that plaintiff was not disabled is supported by substantial evidence in the record.

--------

life would not be consistent with someone who had Autistic Disorder or Asperger's Syndrome although it would be consistent with ADHD. *Id.*

[3]    Dr Ogisu noted that he did not have plaintiff's medical records from 2005-2007 to explain why plaintiff's right sided symptoms were partially relieved by surgery. (Tr. 1090).

<u>Conclusion</u>

Based on the foregoing, the decision of the ALJ and the

Commissioner is AFFIRMED.

IT IS SO ORDERED.

DATED this __3RD__ day of November, 2009.

United States District Judge